FRANKLIN WASHINGTON TRUST COMPANY, PLAINTIFF-RESPONDENT, v. BELGIUM REALTY COMPANY ET AL., DEFENDANTS; SAMUEL SILVER, DEFENDANT-APPELLANT.

Submitted May 16, 1930—Decided December 12, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Charles Handler.*

For the respondent, *Charles M. Myers.*

PER CURIAM.

This appeal brings up a judgment entered in the Essex County Circuit Court following an order made by Judge Smith striking the answer and counter-claim of the defendant Samuel Silver.

The suit was on a promissory note. Silver's defense as raised by the answer was that he was an accommodation en-

dorser and that he had no notice of dishonor, and it was this point that was raised in the answering affidavits of Silver on the application to strike out the answer as sham. He counter-claimed for an amount of money which he alleged he had on deposit at the plaintiff bank and which sum the bank applied in satisfaction of the debt.

The plaintiff's affidavits established that on the day the note fell due it was presented and demand made for payment at the Federal Trust Company in Newark, where the note was payable, and upon payment being refused, notice of dishonor was mailed to the defendant Silver at 29 Rose Terrace, Newark, New Jersey, by one A. F. Morlock, a notary public, who made affidavit that he protested the same, and that he sent such notice to the defendant Silver at his place of residence. Silver admits that he did live at 29 Rose Terrace, Newark, New Jersey, at the time. The counter-affidavit of Silver and that of Catherine Brady seek to establish that such notice was sent in care of J. D. Samuelson, who was payee and endorser on the note, at 21 Breitnall Place, Newark, New Jersey.

The affidavits presented on behalf of the defendant do not meet the positive and explicit proof of the mailing of the notice of protest, but seek by argument and inference to establish that, because several notices were sent to Samuelson, therefore, none was sent to Silver. The affidavits of defendant, however, do not support the answer and do not raise a question making a trial necessary. The conclusion is irresistible that the trial judge acted correctly in striking out the answer and counter-claim.

The judgment is affirmed, with costs.